**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of SAFETY RAIL COMPANY, LLC<br>*Plaintiff*, | ) | |
| v. | ) | C.A. No. |
| JACKSON RYAN CONSTRUCTION SERVICES, INC., and HARCO NATIONAL INSURANCE COMPANY<br>*Defendants.* | ) | |

## COMPLAINT

NOW COMES the Plaintiff United States of America, for the use and benefit of Safety Rail Company, LLC ("**Plaintiff**" or "**Safety Rail**"), by and through undersigned counsel, and hereby respectfully brings this action against the Defendants Jackson Ryan Construction Services, Inc., ("**JR Construction**") and Harco National Insurance Company ("**Harco**" or together with JR Construction, the "**Defendants**") to recover amounts due and owing to Safety Rail for labor and materials furnished in connection with a federal construction project at the Department of Veterans Affairs Medical Center in Providence, Rhode Island. Plaintiff alleges as follows:

## INTRODUCTION

1. This is an action under the Miller Act, 40 U.S.C. §§ 3131–3134, and for breach of contract arising from JR Construction's failure to pay Safety Rail for labor and materials Safety Rail furnished in connection with Project No. 650-25-103, OSHA Fall Protection Roof Guardrail System (the "**Project**"), located at the Department of Veterans Affairs Medical Center in Providence, Rhode Island.

2. JR Construction served as the prime contractor on the Project pursuant to Contract No. 36C24125C0054 (the "**Prime Contract**") with the United States Department of Veterans Affairs ("**VA**"). JR Construction thereafter subcontracted with Safety Rail to furnish and install the rooftop and exterior fall-protection system required for the Project. The subcontract itself expressly identifies the April 11, 2025, VA Prime Contract and provides that Safety Rail would perform services constituting part of the work required by that Prime Contract.

3. Safety Rail furnished the labor and materials required of it for the Project, including, but not limited to, the rooftop and exterior fall-protection materials and their installation. Despite Safety Rail's performance, JR Construction has failed to pay Safety Rail in full.

4. Safety Rail invoiced Jackson Ryan a total of **$164,174.68** for the labor and materials furnished to the Project. JR Construction subsequently made a partial payment of **$20,000.00** on June 16, 2026, leaving an unpaid principal balance of **$144,174.68**, which remains due and owing.

5. Pursuant to the Miller Act, JR Construction, as principal, and Harco, as surety, furnished a payment bond for the protection of persons supplying labor and materials in prosecution of the work required by the Prime Contract. Safety Rail, as a first-tier subcontractor having contracted directly with JR Construction, is entitled to recover, *inter alia*, the unpaid amount under that payment bond.

## PARTIES

6. Plaintiff Safety Rail Company, LLC is a Minnesota limited liability company with a principal place of business located at 1000 Park Road, Chanhassen MN 55317-9240, and was at all times relevant to this action a Minnesota company doing business in Providence County, Rhode Island providing subcontracting services in relation to the Prime Contract.

7. Defendant Jackson Ryan Construction Services, Inc., is a Connecticut corporation with a principal place of business located at 1200 Halladay Avenue West, Suffield, Connecticut

06078, and was at all times material hereto doing business in Providence County, Rhode Island as a licensed contractor and the prime contractor on the Project otherwise referred to as No: 650-25-103 - OSHA Fall Protection Roof Guardrail System.

8. Defendant Harco National Insurance Company is an Illinois P&C Domestic Stock company with a primary administrative mailing address located at 4200 Six Forks Road, Suite 1400, Raleigh, North Carolina 27609, and was at all times material hereto conducting business in Providence County, Rhode Island as the corporate surety for the Project.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is founded upon 28 U.S.C. Section 1331 in that this dispute involves adjudication of a claim against a bond posted pursuant to the Miller Act, 40 U.S.C. Section 3131 *et seq*.

10. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 (a) because the acts complained of herein occurred in this district and pursuant to 40 U.S.C. Section 3133(b)(3)(B) because the contract was to be performed and executed in this district.

## FACTUAL BACKGROUND

11. On or about April 11, 2025, JR Construction entered into the Prime Contract with the VA for the performance of construction work in connection with the Project at the Department of Veterans Affairs Medical Center in Providence, Rhode Island.

12. The Prime Contract required JR Construction to furnish the labor, materials, equipment, supervision, and other services necessary to complete the Project, which included the installation of an OSHA-compliant fall-protection roof guardrail system.

13. In accordance with the requirements of the Miller Act and the Prime Contract, JR Construction, as principal, and Harco, as surety, furnished Payment Bond No. CTHNSU0850080 (the "**Payment Bond**") for the protection of persons furnishing labor and materials in the

prosecution of the work required by the Prime Contract. The Payment Bond was issued in the penal sum of $219,000.00.

14. On or about May 13, 2025, Safety Rail entered into a Subcontractor Services Agreement with JR Construction (the "**Subcontract**") pursuant to which Safety Rail agreed to furnish labor, materials, supplies, equipment, supervision, and other work necessary to furnish and install the rooftop and exterior fall-protection system required for the Project. The Subcontract provided that the total cost of Safety Rail's services would not exceed **$170,014.94**.

15. Thereafter, Safety Rail performed its obligations under the Subcontract and furnished labor and materials in furtherance of the work required by the Prime Contract, including the materials and installation necessary for the Project's rooftop and exterior fall-protection system.

16. In connection with its performance, Safety Rail furnished the materials necessary for the Project and performed the installation work using its own employees. Safety Rail's materials were shipped for the Project on or about August 7, 2025, and Safety Rail last furnished labor on-site on or about August 14, 2025.

17. Safety Rail invoiced JR Construction **$110,374.89** for materials furnished to the Project pursuant to Invoice No. INV045977, dated August 7, 2025, and **$53,799.79** for installation work pursuant to Invoice No. INV046068, dated August 15, 2025, for a total amount of **$164,174.68**.

18. JR Construction failed to timely pay Safety Rail the amounts due for the labor and materials furnished in connection with the Project.

19. On June 16, 2026, JR Construction made a partial payment to Safety Rail in the amount of **$20,000.00**, thereby reducing the outstanding principal balance to **$144,174.68**.

20. Despite Safety Rail's performance and demands for payment, JR Construction has failed and refused to pay the remaining balance of **$144,174.68**, which remains due and owing to Safety Rail.

21. On August 1, 2026, Safety Rail, through counsel, submitted a written notice and claim to Harco against the Payment Bond seeking payment of the outstanding $144,174.68 balance, together with interest and costs as allowed by law. The notice identified the Payment Bond, the Prime Contract, the Project, JR Construction as principal, and Safety Rail as claimant.

22. In support of its claim, Safety Rail provided Harco with documentation concerning the amounts due, including the Subcontract, Sales Order No. SO120219, the applicable invoices, Safety Rail's statement of account, and documentation concerning the labor and materials furnished to the Project.

23. Safety Rail demanded that Harco remit payment of the outstanding balance within seven (7) days of the August 1, 2026 notice. The time provided for payment has expired, and Safety Rail has not received payment of the amounts due under the Payment Bond.

24. Safety Rail contracted directly with JR Construction and is therefore a first-tier subcontractor with a direct contractual relationship with the prime contractor.

25. The outstanding principal amount presently due and owing to Safety Rail for labor and materials furnished in connection with the Project is **$144,174.68**, exclusive of interest, costs, attorneys' fees to the extent recoverable, and such other amounts as may be allowed by law.

**COUNT I**
*Payment Bond Pursuant to the Miller Act 40 U.S.C. § 3131 et al.*
(Against Harco National Insurance Company)

26. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 25 above as though fully set forth herein.

27. The Prime Contract constitutes a contract of the United States for the construction, alteration, or repair of a public building or public work within the meaning of the Miller Act, 40 U.S.C. § 3131.

28. Pursuant to the Miller Act and the requirements of the Prime Contract, JR Construction, as principal, and Harco, as surety, furnished Payment Bond No. CTHNSU0850080 in the penal sum of **$219,000.00** for the protection of persons supplying labor and materials in carrying out the work provided for in the Prime Contract.

29. Safety Rail entered into the Subcontract directly with JR Construction and, pursuant thereto, furnished labor and materials in carrying out work provided for in the Prime Contract.

30. Safety Rail therefore qualifies as a person entitled to the protection of the Payment Bond and to bring a civil action thereon pursuant to 40 U.S.C. § 3133(b)(1).

31. Safety Rail last furnished labor and/or materials in prosecution of the work required by the Prime Contract on or about August 14, 2025, and Safety Rail has not been paid in full for such labor and materials.

32. On August 1, 2026, Safety Rail nevertheless provided Harco with written notice of its claim against the Payment Bond and demanded payment of the outstanding principal balance of $144,174.68, together with interest and costs as allowed by law. The demand specifically identified the Payment Bond and supplied Harco with documentation supporting Safety Rail's claim.

33. Harco has failed and/or refused to pay Safety Rail the amounts due and owing under the Payment Bond.

34. Pursuant to 40 U.S.C. § 3133(b)(1), Safety Rail is entitled to recover against Harco under the Payment Bond the unpaid amount due for the labor and materials furnished by Safety Rail in carrying out the work provided for in the Prime Contract.

35. As a direct result of the foregoing, Safety Rail is entitled to judgment against Harco in the principal amount of **$144,174.68**, together with prejudgment and post-judgment interest, costs, and such other relief as may be permitted by law.

**COUNT II**
*Breach of Contract and Breach of the Implied Covenant of Good Faith & Fair Dealing*
(Against Jackson Ryan Construction Services, Inc.)

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 above as though fully set forth herein.

37. On or about May 13, 2025, Safety Rail and JR Construction entered into the Subcontract pursuant to which Safety Rail agreed to furnish labor, materials, supplies, equipment, supervision, and other services necessary to perform its scope of work in connection with the Project.

38. Pursuant to the Subcontract, JR Construction agreed to compensate Safety Rail for the labor, materials, and services furnished by Safety Rail in connection with the Project.

39. Safety Rail performed its obligations under the Subcontract by furnishing the labor, materials, equipment, and services required to complete its scope of work on the Project.

40. Safety Rail invoiced JR Construction a total of **$164,174.68** for the labor and materials furnished in connection with the Project.

41. JR Construction accepted the labor and materials furnished by Safety Rail and, on June 16, 2026, made a partial payment of **$20,000.00** toward the amounts invoiced by Safety Rail.

42. After application of JR Construction's partial payment, the principal amount of **$144,174.68** remains due and owing to Safety Rail.

43. Safety Rail has demanded payment of the outstanding balance, but JR Construction has failed and refused to pay the amounts due and owing under the Subcontract.

44. JR Construction's failure and refusal to pay Safety Rail the amounts due and owing constitutes a material breach of the Subcontract.

45. As a direct and proximate result of JR Construction's breach of the Subcontract, Safety Rail has suffered damages in the principal amount of **$144,174.68**, together with interest and other damages recoverable under the Subcontract and applicable law.

46. The Subcontract further provides that the prevailing party in litigation arising from the Subcontract is entitled to recover its reasonable attorneys' fees and costs.

47. Accordingly, Safety Rail is entitled to recover from JR Construction the outstanding principal balance of **$144,174.68**, together with applicable interest, reasonable attorneys' fees and costs, and such other damages as may be recoverable under the Subcontract and applicable law.

**COUNT III**
*Unjust Enrichment/Quantum Meruit*
(Against Jackson Ryan Construction Services, Inc.)

48. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 47 above as though fully set forth herein.

49. Safety Rail pleads this Count in the alternative to its breach of contract claim pursuant to Fed. R. Civ. P. 8(d), to the extent JR Construction disputes the existence, validity, enforceability, or applicability of the Subcontract or otherwise contends that the Subcontract does not govern all of the labor, materials, and services furnished by Safety Rail in connection with the Project.

50. At JR Construction's request and for its benefit, Safety Rail furnished labor, materials, equipment, and services necessary to furnish and install the rooftop and exterior fall-protection system required for the Project.

51. Safety Rail furnished such labor, materials, equipment, and services with the reasonable expectation that it would be compensated by JR Construction for the value thereof.

52. JR Construction knowingly accepted and received the benefit of the labor, materials, equipment, and services furnished by Safety Rail in connection with JR Construction's performance of its obligations as prime contractor on the Project.

53. JR Construction further acknowledged and accepted its obligation to compensate Safety Rail by making a partial payment of **$20,000.00** toward the amounts invoiced by Safety Rail. Following application of that payment, **$144,174.68** remains due and owing.

54. Despite accepting and retaining the benefits conferred by Safety Rail, JR Construction has failed and refused to compensate Safety Rail in full for the labor, materials, equipment, and services furnished in connection with the Project.

55. Under the circumstances, it would be unjust and inequitable for JR Construction to retain the benefits of Safety Rail's labor, materials, equipment, and services without paying Safety Rail the reasonable value thereof.

56. Accordingly, to the extent Safety Rail is unable to recover under the Subcontract, Safety Rail is entitled to recover from JR Construction, under the doctrines of quantum meruit and/or unjust enrichment, the reasonable value of the labor, materials, equipment, and services furnished by Safety Rail and accepted by JR Construction, together with prejudgment and post-judgment interest and such other relief as may be permitted by law.

**WHEREFORE**, Plaintiff United States of America, for the use and benefit of Safety Rail Company, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants Jackson Ryan Construction Services, Inc., and Harco National Insurance Company, as applicable, and award the following relief:

A. Judgment against Harco National Insurance Company under the Miller Act, 40 U.S.C. § 3133, and Payment Bond No. CTHNSU0850080, in the principal amount of **$144,174.68**, representing the unpaid amount due to Safety Rail for labor and materials furnished in prosecution of the work required by the Prime Contract;

B. Judgment against Jackson Ryan Construction Services, Inc. in the principal amount of **$144,174.68** for breach of the Subcontract or, alternatively, an award of the reasonable value of the labor, materials, equipment, and services furnished by Safety Rail under the doctrines of quantum meruit and/or unjust enrichment;

C. Prejudgment and post-judgment interest against Defendants to the extent permitted by the Payment Bond, the Subcontract, and applicable law;

D. Safety Rail's reasonable attorneys' fees and costs against Jackson Ryan Construction Services, Inc. pursuant to the Subcontract and applicable law;

E. Safety Rail's taxable costs of this action against Defendants as permitted by law; and

F. Such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

Plaintiff,
UNITED STATES OF AMERICA, FOR USE AND BENEFIT OF SAFETY RAIL COMPANY, LLC
By its attorneys,

*/s/ Joseph P. Carnevale*

Joseph P. Carnevale, Esq. (#9121)
Charles J. Russo, Esq, (#10751)
SAVAGE LAW PARTNERS, LLP
564 South Water St.
Providence, RI 02903
P: (401) 238-8500
jcarnevale@savagelawpartners.com
crusso@savagelawpartners.com

Dated: August 13, 2026